UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIA QUIJANO, an individual,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY, DOES I-V, and ROE CORPORATIONS I-V, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-01464-KJD-BNW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court are two motions. First is Defendant's Motion to Dismiss, or in the alternative, to Sever/Bifurcate and Stay Claims for Bad Faith (ECF #6). Plaintiff responded in opposition (ECF #9) and Defendant replied (ECF #10). Second is Plaintiff's Motion to Remand to State Court (ECF #7) to which Defendant responded (ECF #11). Plaintiff did not reply. Because Plaintiff claims the Court does not have jurisdiction to rule on the motion to dismiss, both motions will be addressed together.

I.      Factual and Procedural Background

Plaintiff Maria Quijano ("Quijano") was injured in a car accident in August 2018. (ECF #7, at 10). At the time of the accident, Quijano had an automobile insurance policy with Defendant GEICO Advantage Insurance ("GEICO"). Id. This policy included uninsured/underinsured ("UM/UIM") coverage. Id. While the complaint does not state that the other driver involved in the accident lacked sufficient insurance coverage, Quijano alleges that GEICO refused to provide her with the UM/UIM benefits owed to her under the policy. Id. Quijano thus brings two causes of action: breach of contract, and breach of the covenant of good faith and fair dealing. Id. at 10–11. Quijano originally filed her complaint in the Nevada state court, but GEICO removed the action to federal court based on diversity jurisdiction. (ECF #1, at

2–4). Diversity exists as Quijano is a resident of Nevada and GEICO is a Nebraska corporation with its principal place of business in Maryland. Id. at 3. Quijano claims that the suit does not meet the $75,000 amount-in-controversy threshold and that the case must be remanded. (ECF #7, at 4–7).

      Quijano's complaint lists two causes of action and claims damages for each. For the breach of contract claim, Quijano claims damages "NOT exceeding $70,000.00." (ECF #7, at 11). For the breach of the covenant of good faith and fair dealing cause of action, Quijano claims damages "in excess of $15,000.00, but NOT exceeding $70,000.00." Id. Quijano's prayer for relief requests "[s]pecial damages in an amount in excess of $15,000.00, but NOT more than $70.000.00" plus costs of the suit, attorney's fees, and other relief the Court finds just and proper. Id. at 11–12. The language used in Quijano's complaint makes it clear that Quijano wished to emphasize that the amount in controversy did not exceed the $75,000 threshold and that federal jurisdiction was improper. GEICO argues that the amount in controversy is more likely than not more than $75,000 when combining the damages claimed for each cause of action, attorney's fees, and potential punitive or tort damages for the extra-contractual claim. (ECF #11, at 8–10).

    II.    <u>Legal Standard</u>

        a.   <u>Motion to Remand</u>

      A defendant may remove a civil action "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts have original jurisdiction over actions "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Id. at § 1332(a)(1). Generally, "courts apply a mechanical test to determine whether the amount in controversy requirement has been met when a case is removed to federal court." McCaa v. Mass. Mut. Life. Ins. Co., 330 F.Supp.2d 1143, 1145 (D. Nev. 2004). The court "simply reads the ad damnum clause of the complaint to determine whether the matter in controversy exceeds [$75,000]." Id. (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)).

If a complaint "specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold." Id. (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403–04 (9th Cir. 1996)). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1089 (9th Cir. 2003). Where a defendant's assertion of the amount in controversy is challenged "both sides submit proof and the court decides." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88 (2014). That proof is vital because federal "jurisdiction may [not] be maintained by mere averment." McNutt v. Gen. Motors Acceptance Corp., 398 U.S. 178, 189 (1936).

    b.  Motion to Dismiss

Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint does not require "detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). All "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While the court "must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed." Hendon v. Geico Ins. Agency, 377 F.Supp.3d 1194, 1196 (D. Nev. 2019).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

III.     Analysis

The Court must determine if it has jurisdiction to rule on the motion to dismiss. Therefore, the motion to remand is addressed first. Quijano concedes that diversity exists, thus federal jurisdiction is proper if the amount in controversy exceeded $75,000 at the time of removal. Quijano's complaint alleges two causes of action with each one causing damages up to $70,000. The complaint also requests attorney's fees and any other relief the Court finds proper. The complaint does not address the coverage parameters or policy limits of Quijano's policy with GEICO. Quijano's motion for remand states that the policy limit is $25,000. Quijano sent GEICO a settlement demand of $1,000,000 or policy limits prior to filing suit. The demand included important information that the complaint lacks. It states that the at-fault carrier paid their policy limit of $25,000, that Quijano suffered $46,104 in past special damages, has $839,710.09 of future special damages, that Quijano expects general damages four times greater than the special damages, and lays out what constitutes bad faith in Nevada. Based on the demand, it appears that both parties agree that the amount in controversy at the time of removal is greater than $75,000.

GEICO has met its burden, by a preponderance of the evidence, that the amount exceeds the jurisdictional threshold. <u>McCaa</u>, 330 F.Supp.2d at 1145. The evidence shows that the tort damages involved with the extracontractual claim, combined with the special damages suffered and attorney's fees, make the amount in controversy greater than $75,000. Quijano's expectation that a court would grant general damages up to four times greater than the special damages is further evidence of the amount in controversy. Because the parties are diverse and the amount in controversy at the time of removal exceeded the jurisdictional threshold, the Court has jurisdiction to rule on the motion to dismiss. Plaintiff's motion to remand is denied.

GEICO urges the Court to dismiss Quijano's extracontractual cause of action because she has not pleaded facts sufficient to show that she is entitled to relief. To avoid converting the motion into a motion for summary judgment, the Court will only consider the allegations of the complaint.

The complaint is vague and does not list the amount of medical bills Quijano received,

any potential future medical bills, or if the other driver involved was underinsured. It does not allege facts to show how GEICO breached its implied duty of good faith and fair dealing. The complaint merely states that Quijano was involved in an accident and that GEICO has not paid Quijano's UM/UIM claim. Quijano alleges that GEICO "knowingly and/or recklessly" failed to comply with the terms of the contract without alleging any facts to show such a failure.

"A violation of the covenant of good faith and fair dealing in the insurance context gives rise to a bad-faith tort claim." Sgrillo v. Geico Casualty Co., 323 F.Supp.3d 1167, 1170 (D. Nev. 2018). To "assert a claim for bad faith, a plaintiff must show: (1) an insurer's denial of (or refusal to pay) an insured's claim; (2) without any reasonable basis; and (3) the insurer's knowledge or reckless disregard of the lack of a reasonable basis for its claim denial." Id. Quijano has not pleaded facts to show that relief is plausible. Similar to the plaintiff in Sgrillo, Quijano's complaint "does not detail plaintiff's medical bills, the amount (if any) that she received from the underinsured motorist, or the offer (if any) that she received from defendant." Id. The complaint does not contain factual allegations that plausibly suggest that GEICO's failure to pay the policy limits was without a reasonable basis or that GEICO had knowledge or reckless disregard of the lack of a reasonable basis to deny the claim. Plaintiff's complaint fails to state a claim for which relief can be granted for bad faith and the claim is dismissed. GEICO's motion to sever and stay the claim is therefore denied as moot.

Quijano requests that if the Court intends to dismiss the extracontractual claims then she should be granted leave to amend the complaint. However, Quijano did not attach a proposed amended complaint or state what amendments would be made or what facts she would allege that would support a bad faith claim. Quijano merely states that she made an offer to GEICO that included her medical bills. That is not a sufficient factual matter to show that relief is plausible on its face. Iqbal, 556 U.S. at 678. Therefore, the motion to amend is denied without prejudice. In the event Quijano intends to file an amended complaint, she should proceed by filing a formal motion to amend within 30 days from the date of this order. Any motion to amend must contain the attached proposed amended pleading per Local Rule 15-1.

//

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF #7) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF #6) is **GRANTED**.

Dated this 30th day of March, 2021.

_____
Kent J. Dawson
United States District Judge